IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| MIKAL S. MITCHELL, <br><br>                Plaintiff, <br><br>        v. <br><br> ATLANTIC COUNTY JUSTICE FACILITY, et al., <br><br>                Defendants. | Civil No. 22-648 (RMB/SAK) <br><br> OPINION |

**RENÉE MARIE BUMB, United States District Judge**

This matter comes before the Court upon the filing of a prisoner civil rights complaint[1] (Docket No. 1) by pro se Plaintiff Mikal S. Mitchell ("Plaintiff"), joined by a number of detainees in Atlantic County Justice Facility. By Order dated April 25, 2022 (Docket No. 13), this Court administratively terminated this matter because none of the plaintiffs paid the filing fee for a civil case or alternatively submitted an IFP application under 28 U.S.C. § 1915(a) to proceed without prepayment of the fee. This Court has received a properly completed IFP application (Docket No. 34) from Plaintiff Mikal S. Mitchell, which establishes his financial eligibility to proceed without prepayment of the filing fee. This Court shall reopen this case solely as to

---

[1] Plaintiff's submission was entitled "Affidavit of Facts" but the Court construes it as a civil rights complaint.

1

Plaintiff Mikal S. Mitchell because no other plaintiff has submitted the filing fee or an IFP application.

I.     **Sua Sponte Dismissal**

When a prisoner files a civil action against government officials or employees, courts must, pursuant to 28 U.S.C. § 1915A(b), review the complaint and *sua sponte* dismiss any claims that are:  (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief. District courts may screen complaints prior to addressing pro se plaintiffs' IFP applications. *Brown v. Sage*, 941 F.3d 655, 660 (3d Cir. 2019).

Courts must liberally construe pleadings that are filed pro se. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Thus, "a pro se complaint, however inartfully pleaded, must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (internal quotation marks omitted). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

"[T]he legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915A is identical to the legal standard employed in ruling on 12(b)(6) motions." *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556.)  Legal conclusions, together with threadbare recitals of the elements of a cause of action, do not suffice to state a claim. *Id.*

Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. If a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice but must permit the amendment. *Grayson v. Mayview State Hospital*, 293 F.3d 103, 108 (3d Cir. 2002).

II.    DISCUSSION

    A.    The Complaint

Plaintiff did not name the defendants to this action in his "Affidavit of Facts," which this Court has construed as a prisoner civil rights complaint. He did, however, list the following defendants on his Civil Cover Sheet (Docket No. 1-3), which the Court will incorporate into his complaint:  Atlantic County Justice Facility, Warden David Kelsey, Aramark Corporation, and John Zillmer, CEO.  Plaintiff alleges that the following conditions of confinement at Atlantic County Justice Facility constitute cruel and unusual punishment in violation of his constitutional rights.

Aramark runs the kitchen at ACJF and feeds the detainees horrible food in inadequate portions. On January 12, 2022, Plaintiff and others were served a bug-infested breakfast, which they sent back to the kitchen but was returned to them bugs and all. An unidentified sergeant and corrections officer merely laughed at the situation. Plaintiff alleges that it is not the first time "we have been forced to eat horrible trays."

Plaintiff further alleges that detainees "have to be dying" to get medical assistance; that they are sleeping in three man cells, three feet apart, wearing masks to protect from the spread of COVID. Plaintiff further alleges "we are all sick," but it is unclear whether he is referring to the spread of COVID or the illness caused by eating the contaminated food on January 12, 2022. Plaintiff also alleges that the law library app provided to detainees is of little help without any instruction from someone versed in the law. Additionally, the mailroom staff do not timely deliver mail to prisoners, sometimes allowing mail to sit undelivered for two weeks. The facility is understaffed.

### B. Claims under 42 U.S.C. § 1983

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be

> liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress….

Thus, to state a claim for relief under § 1983, a plaintiff must allege: 1) the violation of a right secured by the Constitution or laws of the United States; and 2) that the alleged deprivation was committed or caused by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255–56 (3d Cir. 1994). Additionally, a plaintiff must allege the personal involvement of each defendant in a constitutional claim under § 1983.

### C.  Section 1983 Claims Against Atlantic County Justice Facility

A county jail is not a "person" who can be held liable under § 1983. *Lenhart v. Pennsylvania*, 528 F. App'x 111, 114 (3d Cir. 2013) (county prison is not a "person" capable of being sued under § 1983.") Therefore, the claims against Atlantic County Justice Facility will be dismissed with prejudice.

### D.  Eighth Amendment Cruel and Unusual Punishments Clause

Plaintiff alleges the conditions in Atlantic County Justice Facility constitute cruel and unusual punishment. "[T]he Eighth Amendment's Cruel and Unusual Punishments Clause does not apply until 'after sentence and conviction.'" *Hubbard v. Taylor*, 399 F.3d 150, 164 (3d Cir. 2005) (quoting *Graham v. Connor*, 490 U.S. 386, 392 n. 6 (1989)). Thus, conditions of confinement claims brought by pretrial detainees are analyzed under the Fourteenth Amendment Due Process Clause.

### E.  Fourteenth Amendment Conditions of Confinement Claim

To determine whether a condition of pretrial detention amounts to

punishment, prohibited by the Constitution prior to a finding a guilt, a court must decide whether the condition "is imposed for the purpose of punishment or whether it is but an incident of some other legitimate governmental purpose." *Bell v. Wolfish*, 441 U.S. 520, 538 (1979); *Hope v. Warden York County Prison*, 972 F.3d 310, 326-27 (3d Cir. 2020) (describing Fourteenth Amendment Due Process conditions of confinement analysis announced in *Bell*). "Absent a showing of an expressed intent to punish on the part of detention facility officials, that determination generally will turn on 'whether an alternative purpose to which [the restriction] may rationally be connected is assignable for it, and whether it appears excessive in relation to the alternative purpose assigned [to it].'" *Id.* (quoting *Kennedy v. Mendoza-Martinez*, 372 U.S., at 168-169) (alterations in *Bell*) (additional citation omitted). "[I]f a restriction or condition is not reasonably related to a legitimate goal-if it is arbitrary or purposeless-a court permissibly may infer that the purpose of the governmental action is punishment that may not constitutionally be inflicted upon detainees qua detainees." *Id.* at 520 (citation omitted). "[T]he effective management of the detention facility … is a valid objective that may justify imposition of conditions and restrictions of pretrial detention" without constituting punishment. *Id.*

    **F.**    **Supervisory Liability under Section 1983**

Supervisors are not vicariously liable for the acts of their subordinates under § 1983. *Iqbal*, 556 U.S. at 676. Instead, each defendant is responsible under § 1983 only for his individual actions in violation of the Constitution. *Id.* In the Third

Circuit,

> "[t]here are two theories of supervisory liability," one under which supervisors can be liable if they "established and maintained a policy, practice or custom which directly caused [the] constitutional harm," and another under which they can be liable if they "participated in violating plaintiff's rights, directed others to violate them, or, as the person[s] in charge, had knowledge of and acquiesced in [their] subordinates' violations."

*Santiago v. Warminster Twp.*, 629 F.3d 121, 129 n. 5 (3d Cir. 2010) (quoting *A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (second alteration in original)). It is not sufficient to allege a claim in a conclusory fashion. *Id.* at 132. Thus, for example, a plaintiff must allege facts establishing how and when a supervisor acquiesced in an employee's constitutional violation or, alternatively, identify the policy or custom that was established by the supervisor, which directly caused the constitutional harm.

### a. *Inadequate and Contaminated Food*

The Court will construe the complaint as alleging that Aramark Corporation acted under color of state law because it provides all food and food services to pretrial detainees in Atlantic County Justice Facility. *See, West*, 487 U.S. at 54 (holding physician employed by state to provide medical services to state inmates acted under color of state law for purposes of § 1983.) Assuming Defendant John Zillmer is the CEO of Aramark Corporation, Plaintiff has not alleged facts indicating that Mr. Zillmer himself acted under color of state law.

With respect to the elements of a Fourteenth Amendment Due Process claim,

Plaintiff has not alleged that Aramark served inadequate portions or contaminated food with an express intent to punish. Nevertheless, there is little doubt that providing objectively insufficient portions or contaminated food to pretrial detainees, if excessive to the purpose of effectively managing the detention facility, may amount to punishment in violation of the Due Process Clause. Plaintiff has not provided sufficient information about the portions of food provided by Aramark on a regular basis or how frequently Aramark served contaminated food. "[I]solated instances of contaminated or spoiled food, while certainly unpleasant, are not unconstitutional." *Hunter v. Passaic Cnty. Jail*, No. CV 18-8835 (MCA), 2018 WL 5980447, at *3 (D.N.J. Nov. 14, 2018) (quoting *Duran v. Merline*, 923 F. Supp. 2d 702, 720 (D.N.J. 2013).; *see, Rodriguez v. Nichols*, 521 F. App'x 47, 49 (3d Cir. 2013) (holding the plaintiff "has not plausibly alleged that Defendants at any time had a policy or custom of serving contaminated food.") Therefore, this claim against all defendants will be dismissed without prejudice, and Plaintiff shall have leave to file an amended complaint to provide additional facts supporting this claim.

      b.    Overcrowding, understaffing, the spread of COVID, and inability to get medical care or delivery of mail

Plaintiff alleges that pretrial detainees are housed three to a cell, without the ability to maintain six feet distance to prevent the spread of COVID-19, with only masks for protection. He further alleges that the facility is understaffed, and detainees cannot get medical care "unless they are dying." Mail sits undelivered for weeks due to understaffing. Plaintiff, however, has not described how any of the defendants

were personally involved in the alleged constitutional violation. As discussed above, to allege a claim of supervisory liability under § 1983, "the inmate must identify the supervisor's specific acts or omissions … and must establish a link between the supervisor, the act, and the injury." *Chavarriaga v. New Jersey Dep't of Corr.*, 806 F.3d 210, 227 (3d Cir. 2015). This claim will be dismissed without prejudice, with leave to file an amended complaint.

### 4.   First Amendment Access to Courts Claim

Plaintiff alleges the legal assistance provided to pretrial detainees in ACJF is inadequate because the program is not useful without assistance from a person with legal training. There is no "freestanding right to a law library or legal assistance." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). Instead, an inmate has a First Amendment right of access to the courts. *Id.* To establish such a claim, a plaintiff must allege an actual injury. *Id.* In other words, a plaintiff must allege "that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." *Id.* The Supreme Court explained,

> [h]e might show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known. Or that he had suffered arguably actionable harm that he wished to bring before the courts, but was so stymied by inadequacies of the law library that he was unable even to file a complaint.

*Lewis*, 518 U.S. at 351. Plaintiff has not alleged that he suffered an actual injury resulting from the alleged inadequate legal assistance at ACJF. Therefore, this claim

will be dismissed without prejudice, with leave to file an amended complaint.

## III. CONCLUSION

For the reasons stated above, the Court will dismiss the complaint without prejudice, with leave to file an amended complaint.

An appropriate Order follows.

**Date:  June 13, 2022**              s/Renée Marie Bumb
                                      Renée Marie Bumb
                                      United States District Judge